IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, a/s/o Amelia and Mortimer Berkowitz <br> Plaintiff, <br><br> vs. <br><br> NEWPORT COUNTY PROPANE, INC., d/b/a NEWPORT PROPANE <br> Defendant. | : <br> : <br> : <br> : C.A. No. 18- 32 <br> : <br> : <br> : <br> : <br> :: JURY TRIAL DEMANDED |

## COMPLAINT

Pacific Indemnity Company, by and through its attorneys, Strauss, Factor, Laing & Lyons and Cozen O'Connor, by way of Complaint alleges and says:

### I. PARTIES

1. Plaintiff, Pacific Indemnity Company is a corporation duly organized and existing under the laws of the State of Wisconsin, with a principal place of business located at PPOB 202B Halls Mill Road, Whitehouse Station, NJ 08889.

2. At all times relevant herein Plaintiff was duly authorized to issue insurance policies in the State of Rhode Island.

3. At all times hereinafter mentioned, Amelia and Mortimer Berkowitz ("the Berkowitzes") were the owners of the property located at 479 Bellevue Avenue, Newport, Rhode Island ("the Premises").

4. The Berkowitzes were insured through a policy of insurance issued by Plaintiff, policy number 1034955409, which insured them against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expenses.

5. Defendant Newport County Propane, Inc., d/b/a Newport Propane ("Newport Propane") is a limited liability company organized and existing under the laws of the Rhode Island, with a principal place of business located at 50 Underwood Lane, Middletown, Rhode

Island, and at all times relevant hereto was responsible for installing two open flame heaters and the associated propane supply lines and fittings at the Berkowitzes' house.

## II.  JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## III.  FACTUAL ALLEGATIONS

8. Prior to February 25, 2016, the Berkowitzes hired Kirby Perkins to serve as general contractor for the renovation of their house.

9. Pursuant to this contract, Kirby Perkins purchased two L.B. White Premier TS 350 open flame heaters from defendant Newport Propane, and hired Newport Propane to install the heaters and the associated supply hoses, fittings and connections outside the Berkowitzes' house.

10. Sometime prior to February 25, 2016, Defendant Newport Propane installed the heaters and the supply lines that connected the heaters to the propane supply tank.  Each Gates LP 350 gas supply line had a crimped ferrule connection.  The crimped ferrule connections were made by Defendant Newport Propane on site.

11. On February 25, 2016, one of the crimped ferrule connections made by Newport Propane failed, thereby allowing propane gas to escape from the Gates LP 350 gas hose.  The escaping gas collected in and around an open flame heater, and ignited.  The resulting gas flames ignited the house and surrounding combustibles.

12. The ferrule failed because it was improper, and negligently and defectively crimped by the defendant Newport Propane.

13. The defendant's negligent acts and omissions were the direct, legal and proximate cause of the damage suffered by the Berkowitzes and their insurer.

14. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, plaintiff has paid the Berkowitzes the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses incurred by the Berkowitzes on account of the fire.

15. As a result of said payments, plaintiff is both legally and equitably subrogated to any and all claims that the insureds may have against the defendant Newport Propane.

## COUNT I
### (Negligence)

16. Plaintiff incorporates by reference the averments in paragraphs 1 through 15 as though each were fully set forth at length herein.

17. The fire referred to above and consequent damage and destruction to the Berkowitzes property was caused by the negligence, carelessness, gross negligence and negligent omissions of defendant Newport Propane, its agents, servants and/or employees, both generally and in the following particulars:

   a) Failing to make a proper crimped connection of the hose;

   b) Failing to adequately inspect the crimped ferrule fitting to insure that it was proper and in good condition;

   c) Selecting and installing an improper propane gas hose assembly; and

   d) Failing to adequately and properly route the propane supply hoses to protect them from damage.

18. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of Newport Propane, the fire referred to above occurred and resulted in damage and destruction to the premises.

WHEREFORE, plaintiff demands judgment against Defendant Newport Propane in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## COUNT II

## (STRICT PRODUCTS LIABILITY)

19. Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

20. At all times relevant to this matter, the defendant was in the business of selling, supplying and/or distributing propane gas and propane gas supply lines to its customers.

21. The fire incident referred to above and the resulting damages were caused by the defective propane gas hose assembly designed, manufactured and sold by the defendant for which it is strictly liable for selling, supplying and distributing a propane gas hose assembly that was defective, unreasonably dangerous, and not reasonably fit, safe or suitable for its intended purpose.

22. As a direct and proximate result of the aforementioned strict liability producing conduct, the plaintiff's insureds suffered substantial damage to their real and personal property, and sustained additional living expenses.

WHEREFORE, plaintiff demands judgment against the defendant in an amount to be determined at trial, including prejudgment interest and costs.

## COUNT III

## (BREACH OF WARRANTIES)

23. Plaintiff hereby incorporates paragraphs 1 through 22 as though fully set forth herein.

24. By entering into the contract for the installation of the heaters and the associated supply hoses and fittings, the defendant Newport Propane expressly and impliedly warranted that

it would perform its work in a proper, non-negligent and workmanlike manner, and in compliance with all applicable standards and manufacturer's instructions.

25. It also impliedly warranted that the components it was selling and installing were proper, in good working order and designed to function in the anticipated environment.

26. Defendant Newport Propane breached these warranties by carelessly and negligently selecting and installing an improper hose assembly.

27. The breaches of warranties described above were the legal, direct and proximate cause of the fire and the resulting damages suffered by the plaintiff and its insureds.

WHEREFORE, plaintiff demands judgment against Newport Propane in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

Dated: January 25, 2018

               Respectfully submitted,

               STRAUSS, FACTOR, LAING & LYONS

          By: */s/ Thomas W. Lyons*
             Thomas W. Lyons #2946
             One Davol Square, Suite 305
             Providence, RI 02903
             Tel: 401-456-0709
             Fax: 401-421-4730
             E: tlyons@straussfactor.com
             *Attorneys for Plaintiff*

Of Counsel:
KEVIN J. HUGHES, ESQUIRE
MATTHEW F. NOONE, ESQUIRE
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215)665-2000 (phone)
(215)701-2192 (fax)
khughes@cozen.com;
mnoone@cozen.com